FILED
2019 Aug-15 PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| VERONICA SAVAGE, ) ) Plaintiff, ) ) v. ) ) NRA GROUP LLC, d/b/a NATIONAL ) RECOVERY AGENCY, ) ) Defendant. ) ) | Case No.: 3:18-cv-1200-LCB |

## MEMORANDUM OPINION AND ORDER

The Plaintiff filed this action on alleging violations under the Federal Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, as a result of defendant's attempt to collect a debt after plaintiff's voluntary filing of a petition in bankruptcy under Chapter 13 of the United States Bankruptcy Code. *In re Savage*, No. 18-80079-CRJ13, Doc. 1 (Bankr. N.D. Ala. Jan. 10, 2018). The case currently is before the Court on defendant's motion to refer case to bankruptcy court (Doc. 15). Upon consideration of the motion, response and reply, the Court concludes that defendant's motion (Doc. 15) should be granted.

**I. BACKGROUND**

Plaintiff filed this action on July 31, 2018 alleging that defendant violated the FDCPA by sending a collection letter dated June 4, 2018 after the date of her filing of bankruptcy and notice to creditors, January 12, 2018 (Doc. 1). The

original creditor listed is Aspen Dental, located in Florence, Alabama and the original debt amount is $1028.00. Defendant, National Recovery Agency (NRA) is identified as a debt collector and located in Harrisburg, Pennsylvania (Doc. 1).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 157(a) our Court's General Order of Reference provides that "all cases under title 11 and all proceedings arising under title 11 or arising in or related to a case under title 11 are hereby referred to Bankruptcy Judges for this District." See General Order of Reference (N.D. Ala. July 16, 1984). Our Circuit in *Gypsum* held that our analysis of "related to" should entail the following:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (internal citations omitted.) See also, *Carter v. Rodgers*, 220 F.3d 1249 (11 Cir. 2000).

## III. ANALYSIS AND DISCUSSION

Plaintiff alleges two counts under the FDCPA, 1) violation of § 1692(e) demanding payment of a debt that is not owed and 2) violation of § 1692(c)

failure to cease communications and collections due to bankruptcy. Her first count alleges that the defendant misrepresented the character, amount or legal status of the debt under the title that the debt is not owed (Doc. 1). The second count alleges that defendant's communication violated the bankruptcy court's notice to cease communication and collection issued pursuant 11 U.S.C. § 362. Thus, there is no question that the claims alleged in plaintiff's complaint specifically arise out of the bankruptcy proceeding in that the alleged communication was a direct violation of the automatic stay issued in the bankruptcy court pursuant to 11 U.S.C. § 362.

Plaintiff argues that this action is not "related to" her bankruptcy because this action is exempt from her bankruptcy proceeding and will have no effect on the bankruptcy estate (Doc. 21). Defendant counters that the action is not exempt and that any damages derived from this action will increase the bankruptcy estate and the amounts available for unsecure creditors (Docs. 15 & 26). Citing *Wiregrass Catering Serv., LLC v. Cmty. Bank & Tr. of Se. Alabama*, No. 1:11CV361-WHA-TFM, 2011 WL 2444676, at *3–4 (M.D. Ala. June 16, 2011). Plaintiff cites numerous cases that involve Chapter 7 bankruptcies wherein the FDCPA violations were committed post-discharge to support her argument. In contrast, plaintiff in the present case filed her bankruptcy petition under Chapter 13 of the United States Bankruptcy Code, more specifically a wage earner petition for

reorganization of debts. Generally, under Chapter 13 debts are not discharged until all payments are made under the plan which extends a Chapter 13 estate for a period determined by the plan or until the case is closed, dismissed or converted to a another chapter. See 11 U.S.C. § 1306. Likewise, pursuant to § 1306(a)(1) any assets or property received during the pendency of the case are property of the bankruptcy estate. See also *In re Peed*, No. 09-15486, 2014 WL 2987637, at *7 (Bankr. S.D. Ala. July 1, 2014). Plaintiff attached to her complaint a petition in which she petitioned the bankruptcy court to exempt this action from her bankruptcy estate, but there is no evidence presented that the bankruptcy matter is closed, dismissed, converted or that this action and any damages derived therefrom are specifically exempt from the bankruptcy estate.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the plaintiff has failed to show that this action is not related to her bankruptcy action to the degree that it will have no effect on the outcome of her bankruptcy case. Defendant's motion to refer case to bankruptcy court (Doc. 15) is due to be granted and all claims are due to be referred to the United States Bankruptcy Court for the Northern District of Alabama to handle as related to its proceedings in Case No. 18-80079-CRJ13.

A final judgment will be entered simultaneously with this memorandum opinion and order.

**DONE** and **ORDERED** this August 15, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE